IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WISE JUSTICE, | : | CIVIL ACTION NO. **3:13-CV-1964** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MARIROSA LAMAS, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I.      BACKGROUND.**

On July 18, 2013,[1] Petitioner Wise Justice[2], an inmate at SCI-Rockview, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Petitioner attached Exhibits to his habeas petition. (*Id.*) Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 2). On October 16, 2013, Petitioner paid the filing fee. (Doc. 7). On October 24, 2013, we issued a Show Cause Order and directed service of the habeas petition on Respondents. (Doc. 8).

---

[1] Since the habeas petition was signed by Petitioner on July 15, 2013 (Doc. 1, p.15), under the prison mailbox rule, we construe the petition as being filed on that date. *See Bond v. Visionquest*, 410 Fed. Appx. 510 ( 3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10). In *Burns v. Morton*, 134 F. 3d 109, 113 (3d Cir. 1998), the Third Circuit held that "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." This mailbox rule applies to all petitions filed by *pro se* inmates in federal court. *See Brewington v. Klopotoski*, 2010 WL 2710526, *3, n. 3 (E.D. Pa. 2-23-10). Petitioner's habeas petition was docketed on August 13, 2013. (Doc. 1).

[2] Petitioner's birth name is William Hopson, according to Respondents' brief. (Doc. 14). Petitioner previously resided in Connecticut and had been convicted under the name William Hopson. (Doc. 13-10, pp. 5).

On October 30, 2013, Respondents filed a Motion to file, *nunc pro tunc*, a Motion to Dismiss the habeas petition as untimely. (Doc. 9). Respondents also simultaneously filed their Motion to Dismiss the habeas petition as untimely filed under the AEDPA. (Doc. 14).

On October 31, 2013, we granted Respondents' Motion to file, *nunc pro tunc*, a Motion to Dismiss the habeas petition as untimely. (Doc. 11). We also directed Respondents to file a brief in support of their Motion to Dismiss the habeas petition as untimely. We afforded Petitioner ten days after he was served with Respondents' brief to file an opposition brief. We stated that Respondents would not be required to respond to the merits of Petitioner's claims raised in his habeas petition until the Court decided if the habeas petition was timely filed. Further, we denied as moot Petitioner's Motion to proceed *in forma pauperis* since he paid the filing fee.

On November 27, 2013, Respondents filed their brief in support of their Motion to Dismiss the habeas petition as untimely with relevant state court records attached as Exhibits, including, Petitioner's Court of Common Pleas of Northumberland County Criminal Docket Number CP-49-CR-0000877-2008. (Doc. 13). We note that the Northumberland County Court's Docket Sheet in Petitioner's case can also be accessed at http://ujsportal.pacourts.us.

On January 8, 2014, Petitioner filed a letter concerning the filing of his brief and filing procedures. (Doc. 15).

Respondents' Motion to Dismiss Petitioner's habeas petition as untimely is now ripe for review. **(Doc. 9).**

**II.     STATE PROCEDURAL BACKGROUND.**

In his habeas petition, Petitioner challenges his July 22, 2009 convictions (after a jury trial) and October 13, 2009 judgment of sentence of six to twenty years in a state correctional institution imposed by Court of Common Pleas of Northumberland County. (Doc. 13-25). Petitioner was convicted of two counts of Delivery of a Controlled Substance, two counts of Criminal Use of a Communication Facility, two counts of Intentional Possession of a Controlled Substance by a Person not Registered, and one count of Possession of Drug Paraphernalia. *Id*.

Subsequently, Petitioner timely filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania (Doc. 14, pp. 17).

On October 20, 2010, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. (Doc. 13-10). Petitioner filed his PA Post Conviction Relief Act ("PCRA") on August 3, 2011[3]. (Doc. 13-12). On November 17, 2011 the Court of Common Pleas of Northumberland County denied Petitioner's Petition for Post-Conviction Collateral Relief for lack of basis upon which the requested relief could be granted. (Doc. 13-17). On December 16, 2011 the Court of Common Pleas of Northumberland County directed Petitioner to file of record with the Clerk of Courts a concise statement of the matters complained of on appeal of the Order dismissing his PCRA petition, entered on November 17, 2011, within twenty-one days. (Doc. 13-18). Petitioner's statement of matters complained of on appeal was filed with the Court of Common Pleas of Northumberland County on January 3, 2012. (Doc. 13-19).

---

[3]Please note that the date stated in the Respondents' brief is August 2, 2011, however Doc. 13-12 shows the filing occurred on August 3, 2011 in the Court of Common Please of Northumberland County.

Petitioner appealed, *pro se*, from the order entered on November 17, 2011. *Id*. On August 10, 2012, the Superior Court of Pennsylvania affirmed the Northumberland County Court of Common Pleas denial of Petitioner's timely-filed Post Conviction Relief Act Petition without a hearing. (Doc 13-20). Petitioner filed a Petition for Allowance of Appeal on September 6, 2012 in The Supreme Court of Pennsylvania. (Doc. 13-21). The Supreme Court denied Petitioner's Request for Allowance to Appeal the Superior Court's denial of relief on his PCRA on February 4, 2013. (Doc. 13-22). Petitioner filed a Petition for Writ of Habeas Corpus on July 19, 2013. (Doc. 1).

For purposes of §2244(d)(1)(A) and the one-year statute of limitations under the AEDPA to file a §2254 habeas petition, we agree with Respondents that Petitioner's time began to run after The Pennsylvania Superior Court Opinion affirmed the sentence on direct appeal on October 20, 2010, excluding the 30 day time in which an appeal could be filed with the PA Supreme Court. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702 (E.D. Pa. 4-5-11)(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired); *Albritton v. Sauers*, Civil No. 11-869, M.D. Pa. Thus, Petitioner's conviction became final 30 days after October 20, 2010, and his AEDPA statute of limitations commenced to run on that day.[4]

---

[4]*See* Doc. 14, p. 17.

On August 3, 2011, Petitioner, *pro se*, filed a Petition under the PA Post Conviction Relief Act ("PCRA"), pursuant to 42 Pa.C.S. §§ 9541, *et seq.*, which the Northumberland County Court of Common Pleas denied on November 17, 2011.  Respondents state in their Motion to Dismiss that since Petitioner's conviction became final on October 20, 2010, "255 days" expired on Petitioner's one-year AEDPA statute of limitations because Petitioner did not have any properly filed state court appeals (either direct or collateral) pending from October 20, 2010, until August 2, 2011.[5]  *See* 28 U.S.C. §2244(d)(2).[6] As such, Respondents contend that about eight (8) months and fourteen (14) days lapses on Petitioner's one-year AEDPA statute of limitations (excluding the 30 day period).

Petitioner filed an appeal from the Northumberland County Court's November 17, 2011, decision denying his PCRA Petition to the Superior Court of Pennsylvania.  (Doc. 13-17).  The Superior Court affirmed the decision of the Northumberland County Court.  (Doc 13-20).  The PA Supreme Court denied Petitioner's request for Allowance to Appeal the Superior Court's denial of relief on his PCRA on February 4, 2013.  Petitioner filed his Habeas Corpus Petition on July 19, 2013.  Thus, an additional one hundred and sixty four (164) days ran on Petitioner's one-year AEDPA statute of limitations.  In total, Respondents submit that a total of 419 days expired prior to the filing of the Habeas Corpus Petition.  Petitioner incorrectly contends that his Petition was timely filed.

---

[5]*See* Doc. 14, p. 17.

[6]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

5

**III.     DISCUSSION.**

On July 19, 2013, Petitioner filed the instant §2254 habeas petition with this federal Court. (Doc. 14).[7]    Respondents move to dismiss Petitioner's habeas petition as untimely. (Doc. 9).   In their Motion to Dismiss Petitioner's habeas petition, Respondents argue that Petitioner had until about May 24, 2013, to timely file his habeas petition in federal court. Petitioner has been given notice of the timeliness issue and he has been afforded an opportunity to address it.  *See Day v. McDonough*, 547 U.S. 198 (2006)(district courts may consider, *sua sponte*, the timeliness of a §2254 habeas petition); *Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004)("a federal magistrate judge may raise the AEDPA statute of limitations issue [*sua sponte*] in a Report and Recommendation.").

Since Petitioner Justice's habeas petition was filed in July 2013, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *i.e.* April 24, 1996,  as both parties recognize, the AEDPA is applicable to his case.  *See Werts v. Vaughn*, 228 F. 3d 178, 195 (3d Cir. 2000); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *3 (E.D. Pa. 1-28-10).

*A. Timeliness*

 The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

---

[7]As noted above, we utilize the date Petitioner signed his habeas petition under the prison mailbox rule.

> The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).  *See also  Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *4.

The Court in *Rhodes v. Winstead*, 2010 WL 936763, at *16 (W.D.Pa. 2010), stated:

Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgement became final by the conclusion of direct review or the expiration of time seeking such review." [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for §2254 habeas petitions.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable period in the instant matter is the date that Petitioner Justice's judgment of sentence became final.  *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir.1999); *Derk v. PA State Attorney General*, 2010 WL 2925017, *3("the time for

filing a federal habeas petition begins to run when the judgment of sentence becomes final."). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. *Id. See also* 28 U.S.C. § 2244(d)(2).

We concur with Respondents that Petitioner's judgment of sentence became final thirty (30) days after the Pennsylvania Superior Court affirmed Petitioner's conviction on October 20, 2010, *i.e.,* on November 19, 2010. In *Cotto v. Murray*, 2011 WL 1118724, *1 (W.D. Pa. 3-24-11), the Court found that since its Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on direct appeal after the Pennsylvania Superior Court denied Petitioner's appeal of his judgment of sentence, Petitioner's judgment of sentence became final on "the date on which the 30-day period to do so expired." The *Cotto* Court cited to Pa.R.A.P 1113 and to *Swartz v. Meyers*, 204 F. 3d 417, 419 (3d Cir. 2000)("a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review."). *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired); *Starkey v. Cameron*, 2010 WL 5575288, *2 (E.D. Pa. 12-23-10), adopted by 2011 WL 1583872 (E.D.Pa. 4-25-11)(the judgment of conviction of Petitioner became final when the time for seeking allowance of appeal in the PA Supreme Court expired under Pa.R.A.P. 1113(a)(Petition for Allowance of Appeal must be filed within 30 days).

Thus, as Respondents state, since Petitioner did not seek review on direct appeal in the Pennsylvania Supreme Court after the Pennsylvania Superior Court affirmed his judgment of sentence on October 20, 2010, for purposes of §2244(d)(1)(A), Petitioner's conviction became final on November 19, 2010, when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2; *Starkey, supra*. Respondents then state in their Motion to Dismiss that since Petitioner's conviction became final on November 19, 2010, "255 days" expired on Petitioner's one-year AEDPA statute of limitations because Petitioner did not have any properly filed state court appeals pending from November 19, 2010, until August 3, 2011. We agree with Respondents that Petitioner did not have any properly filed state court appeals pending from November 19, 2010, until August 3, 2011, and that this time period ran on his one-year statute of limitations, but we find that this time period is 256 days. We find that 11 days ran in November, 31 days ran in December, 31 days ran in January, 28 days ran in February, 31 days ran in March, 30 days ran in April, 31 days ran in May, 30 days ran in June, 31 days ran in July, and 2 days ran in August, until Petitioner filed his first PCRA Petition on August 3, 2011.

Therefore, we find that 256 days ran on Petitioner's AEDPA statute of limitations prior to the time he filed his first PCRA Petition on August 3, 2011. Petitioner had no state court appeal, either direct or collateral, pending during this 256-day period. Thus, Petitioner is not entitled to any tolling of his AEDPA SOL during these 256 days. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2.

On August 10, 2012, Petitioner filed an appeal from the Northumberland County Court's November 17, 2011, decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc. 13-20). Petitioner's statute of limitations was statutorily tolled on August 10, 2012, when he filed an appeal from the Northumberland County Court's decision denying his PCRA Petition to the Superior Court. Petitioner then submitted a request for Allowance to Appeal the Superior Court's denial of relief, which the Supreme Court denied on February 4, 2013. *See* 28 U.S.C. § 2244(d)(2).[8] Petitioner's statute of limitations then began to run on February 5, 2013, since he had no other properly filed state court appeals pending at this time or thereafter.

Therefore, we find that 256 days ran on Petitioner's AEDPA statute of limitations prior to the time he filed an appeal from the Northumberland County Court's decision denying his PCRA Petition to the Superior Court of Pennsylvania. As indicated above, we find that 256 days expired on Petitioner's one-year AEDPA statute of limitations since we find that it was August 3, 2011, and not August 2, 2011, as Respondents state, that Petitioner filed an appeal from the Northumberland County Court's decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc.13-20).

As mentioned, Petitioner's appeal from the Northumberland County Court's decision denying his PCRA Petition was dismissed by the Superior Court on August 10, 2012. The Supreme Court denied Petitioner's request for Allowance to Appeal the Superior Court's denial

---

[8]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

of relief on his PCRA on February 4, 2013. As such, Petitioner's one-year AEDPA statute of limitations began to run again on February 5, 2013. Thus, we agree with Respondents that Petitioner had 109 days remaining on his one-year AEDPA statute of limitations from February 5, 2013, since 256 days had already expired.

Petitioner filed his Habeas Corpus Petition on July 19, 2013. Since the Supreme Court denied Petitioner's request for Allowance to Appeal the Superior Court's denial of relief on his PCRA on February 4, 2014, the one-year AEDPA statute of limitations began to run again. By the time Petitioner filed the Habeas Corpus Petition, 164 days had passed, which took the Petitioner beyond the one-year AEDPA statute of limitations. We agree with the Respondents that 164 days expired prior to the filing of the Habeas Corpus Petition. In total, we calculate that 420 days ha0.d run in the Petitioner's one-year AEDPA statute of limitations and this is in excess of the one-year limit.

Therefore, we concur with Respondents that Petitioner's instant habeas petition was not timely filed on July 19, 2013.

*B. Equitable Tolling*

We now discuss whether equitable tolling applies in this case. In *Starkey*, 2010 WL 5575288, *3, the Court stated:

> The Supreme Court has held that the federal habeas statute of
> limitations is subject to equitable tolling in only extraordinary circumstances.
> *See Holland v. Florida,* --- U.S. ----, ----, 130 S.Ct. 2549, 2562, 177
> L.Ed.2d 130 (2010); *see also Miller,* 145 F.3d at 618. In particular, a
> petitioner " 'is entitled to equitable tolling' only if he shows '(1) that he
> has been pursuing his rights diligently, and (2) that some
> extraordinary circumstance stood in his way' and prevented
> timely filing." *Holland,* 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo,*

> 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphases added); *see also Lawrence v. Florida,* 127 S.Ct. 327, 1085 (2007) (quoting *Pace,* 125 S.Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way") (emphasis added); *Merritt,* 326 F.3d at 168 (citing *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944, 122 S.Ct. The law is clear that courts must be sparing in their use of equitable tolling." *See Jones,* 195 F.3d at 159 (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999)) (emphasis added).

Petitioner does not give any reasons for the delay from February 5, 2013, the day after the Supreme Court of Pennsylvania dismissed his request for Allowance to Appeal the Superior Court's denial of relief on his PCRA, to filing his Habeas Corpus Petition on July 19, 2013. Petitioner had no properly filed state court appeal with respect to his Northumberland County Court judgment of sentence pending during this time. As noted above, we do not find that Petitioner's PCRA Petition was properly filed since it was not timely under the Pennsylvania Rules. This inordinate delay, coupled with the 256 days which had already ran between the time Petitioner's judgment of sentence became final and the time he filed his PCRA Petition, as discussed, undisputedly rendered Petitioner's habeas petition filing beyond the one-year statute of limitations. In short, Petitioner has failed to show that he exercised reasonable diligence during the period from February 5, 2014, the day after the Supreme Court of Pennsylvania denied Petitioner's request for Allowance to Appeal the Superior Court's denial of relief on his PCRA. *See Alicia v. Karestes*, 389 Fed. Appx. 118, 122 (3d Cir. 2010)("The obligation to act diligently pertains to both the federal habeas claim and the period in which the Petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence.")(citation omitted)(Non-Precedential); *Morris v.*

12

*Mazurkiewcz*, 2011 WL 2708498, *3 (E.D. Pa. 6-8-11) adopted by 2011 WL 2709181 (E.D. Pa. 7-11-11).

Thus, we do not find that Petitioner has met his burden for equitable tolling by establishing that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way."

In *Pabon v. Mahanoy*, 2011 WL 2685586, *12, (3d Cri. 7-12-11), the Third Circuit Court stated:

> In determining whether equitable tolling should be granted, we address two questions: (1) whether the petitioner faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Merritt v. Blaine,* 326 F.3d 157, 168 (3d Cir.2003) (same). In *Holland v. Florida* the Supreme Court confirmed that equitable tolling may be applied to AEDPA's statutory limitations period. —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)FN20
>
>   There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. *Id.* at 2563. As *Holland* explains, while prior decisions provide guidance, rigid reliance on precedent should be avoided. *Id.* In each case, there is a need for "flexibility," "avoiding 'mechanical rules,' " and "awareness ...
> that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* (internal citation omitted). FN21
> In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted).

13

In *Pabon*, the Court found that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Id.* at *13. The *Pabon* Court noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary is unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Id*. Based on *Pabon*, we agree with Respondents and find that Petitioner Justice has not shown extraordinary circumstances which trigger equitable tolling, and we do not find that Petitioner exercised reasonable diligence in pursuing his claims. We simply find that Petitioner has failed to show how any extraordinary circumstances during this time prevented him from timely filing his habeas petition and that he exercised reasonable diligence in waiting to bring his habeas claims until July 19, 2013.

The Court in *Pabon v. Mahanoy*, 2011 WL 2685586, *12, also stated:

> Even if a petitioner has faced extraordinary circumstances, he must also "exercise[ ] reasonable diligence in ... bringing [the] claims." *Miller,* 145 F.3d at 618–619 (internal quotation marks omitted). The Supreme Court addressed reasonable diligence in *Holland,* explaining that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' ... not 'maximum feasible diligence.' " 130 S.Ct. at 2565 (internal citations omitted). Our Court has established a similar standard. "Due diligence does not require 'the maximum feasible diligence;' " "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir.2004) (internal citations omitted); *see also LaCava,* 398 F.3d at 277.

Therefore, we agree with Respondents and find that Petitioner Justice has not demonstrated extraordinary circumstances in this case and he has not established reasonable

14

diligence in pursuing his claims.  We adopt this conclusion as heavily supported in previous cases. See *Barnett v. York County,* 2011 WL 2790467 (M.D.Pa.6–24–11) adopted by 2011 WL 2791320 (M.D.Pa.7–14–11).

We will recommend that the Court grant Respondents' Motion to Dismiss Petitioner Justice's habeas petition as untimely.

**IV.        RECOMMENDATION.**

Based on the above, it is respectfully recommended that the Court grant Respondents' Motion to Dismiss (**Doc. 14**) Petitioner's habeas petition **(Doc. 1)** as untimely.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  July 15, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WISE JUSTICE, | : | CIVIL ACTION NO. **1:CV-13-1964** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MARIROSA LAMAS, *et al.*, | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 15, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: July 15, 2014**